# IN THE COURT OF APPEALS OF IOWA

No. 20-1577
Filed June 16, 2021

**IN THE INTEREST OF J.S. and A.H.,**
**Minor Children,**

**C.P., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

A mother appeals the termination of her parental rights to her children. **AFFIRMED.**

Cameron M. Sprecher of Sprecher Law Office, PLC, Mason City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Alesha M. Sigmeth Roberts of Sigmeth Roberts Law, PLC, Clarion, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

A mother appeals the termination of her parental rights to J.S., born in 2013, and A.H., born in 2015, under Iowa Code section 232.116(1)(f) and (*l*) (2020). The mother does not dispute the State proved the grounds for termination by clear and convincing evidence but asks us to delay permanency and argues termination of her parental rights is against the children's best interests. We review her claims de novo. *See In re A.S.*, 906 N.W.2d 467, 472 (Iowa 2018).

But first, we must determine whether to grant the mother's request for delayed appeal. The juvenile court entered its order terminating the mother's parental rights on November 18, 2020, and the mother filed her notice of appeal on December 2, 2020, within the fifteen days required by Iowa Rule of Appellate Procedure 6.101(1)(a). However, her petition was filed on December 18, 2020, one day beyond the fifteen-day deadline. *See* Iowa R. App. P. 6.201(1)(b). The mother's request explains that the mother and her attorney calculated the deadline for filing the petition based on information in the electronic portal, which showed the notice of appeal was filed on December 3.[1] Our supreme court recently explained it would grant a delayed appeal of a termination order "only where the parent clearly intended to appeal and the failure to timely perfect the appeal was outside of the parent's control." *In re A.B.*, 957 N.W.2d 280, 292 (Iowa 2021). If those prerequisites are met, an untimely appeal will be allowed to proceed "only if the resulting delay is no more than negligible." *Id.* Considering the mother's clear intent to timely appeal the termination order, her explanation of why the appeal

---

[1] Attached to the request is a printout of that page, showing a date of 12-03-2020.

was filed late, and the negligible delay of one day, we grant the mother's request for delayed appeal.

Turning back to the substance of the mother's appeal, the mother asks us to delay permanency for six months. Iowa Code section 232.104(2)(b) allows the court to continue the child's placement for another six months if doing so will eliminate the need for the child's removal. To delay permanency, the court must "enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." Iowa Code § 232.104(2)(b).

On the record before us, we are unable to find that delaying permanency for six months would eliminate the need for the children's removal from the home. The children were removed from the mother in August 2019 based on allegations that the mother was using methamphetamine in the children's presence. A hair stat test of A.H., then four years old, was positive for methamphetamine at a level consistent with ingestion.[2] The mother failed to obtain a substance-abuse evaluation until May 2020, when she was diagnosed with severe amphetamine and cannabis use disorder. Although the evaluation recommended the mother attend weekly outpatient treatment, she only attended twice and was unsuccessfully discharged. She also failed to provide samples for drug testing as requested by the Iowa Department of Human Services. The maternal grandmother

---

[2] J.S.'s hair was not long enough for testing.

testified she witnessed behavior that suggests the mother continues to use drugs. Mental health and domestic violence remain concerns as well.

The mother also challenges the finding that terminating her parental rights is in the children's best interests. *See id.* § 232.116(2); *In re A.M.*, 843 N.W.2d 100, 112 (Iowa 2014). In making the best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The "defining elements" are the child's safety and "need for a permanent home." *In re H.S.*, 805 N.W.2d 737, 748 (Iowa 2011) (citation omitted). We must "consider what the future likely holds for the child if returned to [the] parents. Insight for this determination can be gained from evidence of the parent's past performance, for that performance may be indicative of the quality of the future care that parent is capable of providing." *In re B.H.A.*, 938 N.W.2d 227, 233 (Iowa 2020) (citation omitted) (discussing the best-interest framework outlined in chapter 232).

The mother argues terminating her parental rights is against the children's best interests because she has a significant and meaningful bond with the children and it would be detrimental to remove her from the children's lives.[3] She claims she has consistently been with them until their removal. But the concerns that led to the children's removal continue and threaten the children's safety if the children

---

[3] Although the mother does not cite Iowa Code section 232.116(3)(c), it provides that the court "need not terminate the relationship between the parent and child" if "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." But even assuming the mother is raising a claim under section 232.116(3)(c), our conclusion remains the same.

are returned to her care.  The children also need the permanency that termination will afford.  They do not come equipped with pause buttons.  *See A.M.*, 843 N.W.2d at 112 (holding that the court must not deprive children permanency on the hope that someday the parent will be able to provide a stable home); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) (noting that if the plan to reconcile parent and child fails, "all extended time must be subtracted from an already shortened life for the children in a better home").  We have reached the time where the children's need for safety and permanency outweigh the rights and needs of the mother.  *See In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

We affirm the termination of the mother's parental rights.

**AFFIRMED.**